**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 26, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: February 26, 2009**

**Arthur I. Harris
United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 09-11355 |
| | ) | |
| Wanda Sanchez -Gordon, | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

On February 25, 2009, the debtor, Wanda Sanchez-Gordon, filed her most recent bankruptcy case in violation of the 180-day filing bar imposed under 11 U.S.C § 109(g)(2). For the following reasons: (1) this case is dismissed with a new 180-day filing bar; (2) the debtor is ordered to pay $249.00 in outstanding filing fees within fifteen days; and (3) pursuant to 11 U.S.C. § 362(c)(4), the automatic stay shall not apply to any new bankruptcy case filed by this debtor before February 24, 2010.

___

[1] This opinion is not intended for official publication.

## BACKGROUND AND PROCEDURAL HISTORY

On December 16, 2008, the debtor filed a Chapter 13 case (#08-19877). On February 24, 2009, the debtor filed a motion to dismiss her case (Docket # 35), which the Court granted on February 24, 2009. Prior to the debtor's motion for dismissal, creditor, Sara S. Messinger, filed a motion for relief from stay (Docket # 7). Because the debtor requested and obtained voluntary dismissal of her case after a motion for relief from stay had been filed, a 180-day filing bar was automatically imposed. *See* 11 U.S.C. § 109(g)(2). On February 25, 2009, the debtor filed her current case, in violation of the 180-day filing bar, and requested to pay the filing fee in installments (Docket # 3).

## JURISDICTION

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1344(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

DISCUSSION

Subsection 109(g) of the Bankruptcy Code provides:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the of the case; or
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

The Sixth Circuit Bankruptcy Appellate Panel affirmed the decision of a bankruptcy court that dismissed a case filed in violation of 109(g) and imposed a new 180-day bar. *See In re Andersson*, 209 B.R. 76 (B.A.P. 6th Cir. 1997). The debtor filed her most recent case in violation of the filing bar imposed under subsection 109(g)(2). Accordingly, this case will be dismissed with the imposition of a new 180-day filing bar.

In addition, while dismissals for cause under 11 U.S.C. § 1307(c) provide for notice and an opportunity for a hearing, the Court believes that notice and an opportunity for a hearing are unnecessary regarding this particular dismissal for violation of 11 U.S.C. § 109(g)(2). The record already before the Court indicates that this case was filed in violation of a 180-day filing bar, making Ms. Sanchez-

Gordon ineligible to be a debtor. Furthermore, 11 U.S.C. § 105(a) provides in pertinent part:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Therefore, no purpose would be served by providing notice and hearing under the particular circumstances of this case.

Finally, the Court notes that, pursuant to 11 U.S.C. § 362(c)(4), the automatic stay of 11 U.S.C. § 362(a) shall not go into effect if a debtor had two or more pending cases dismissed within the previous year. With the dismissal of case #08-19877 on February 24, 2009, and the dismissal of the current case, the debtor will have had two dismissals within a twelve month period. Therefore, pursuant to § 362(c)(4), any new case which the debtor files before February 24, 2010, will not trigger the automatic stay.

## CONCLUSION

For the above reasons, (1) this case is dismissed with a new 180-day filing bar; (2) the debtor is ordered to pay $249.00 in outstanding filing fees within fifteen days; and (3) the automatic stay of 11 U.S.C. § 362(a) shall not apply to any bankruptcy case filed by this debtor before February 24, 2010.

IT IS SO ORDERED.

4